Kenneth A. **BATORY**, Plaintiff,

v.

**SEARS, ROEBUCK AND CO.**, a New York corporation, d.b.a. "The Great Indoors,", Defendant.

No. CV 02–2026–PHX–EHC.

United States District Court,
D. Arizona.

Oct. 12, 2006.

Lynn M. Laney, Jr., Law Office of Lynn M. Laney Jr., Phoenix, AZ, for Plaintiff.

John Mark Ogden, Neil M. Alexander, Robert Shawn Oller, Littler Mendelson PC, Phoenix, AZ, for Defendant.

## ORDER

CARROLL, District Judge.

Pending before the Court is a Remand Order of the Ninth Circuit directing the

Court to determine whether certain provisions of an arbitration agreement are unconscionable. (Dkt. 27). On July 8, 2005, the Court held a hearing to discuss the issues relating to the Remand Order.

### Background

Plaintiff was employed by Defendant. (Dkt. 1). On July 17, 2002, Defendant terminated Plaintiff. (Dkt. 1). On September 18, 2002, Plaintiff filed a complaint in the Maricopa County Superior Court alleging wrongful termination. (Dkt. 1). Defendant removed the case to Federal Court based on diversity. (Dkt. 1). On December 30, 2002, Defendant filed a Motion for Summary Judgment seeking, among other things, to compel binding arbitration pursuant to an agreement Plaintiff signed in connection with the Great Indoors Dispute Resolution Program ("DRP"). (Dkt. 7). Plaintiff argued that the DRP was unenforceable because it was a contract of adhesion, lacked mutuality, was illusory and was not signed by Defendant. (Dkt. 17). After consideration, the Court granted Defendant's Motion in part and ordered the parties to proceed to arbitrate Plaintiff's claims pursuant to the DRP. (Dkt. 23). Plaintiff appealed that Order. (Dkt. 25). On appeal, the Ninth Circuit affirmed the Court's Order in part, but held that the DRP was a contract of adhesion. (Dkt. 27). The Ninth Circuit noted that such a finding did not render the DRP unenforceable unless it was also unconscionable. (Dkt. 27). Indicating that the agreement and DRP may be unconscionable under Arizona law, the Ninth Circuit remanded the case to the Court for a determination of whether certain provisions were unconscionable. (Dkt. 27).

### Discussion

The Ninth Circuit directed the Court to consider whether the agreement and DRP are unconscionable because:

(1) there exists an "overall imbalance in the obligations and rights imposed by the bargain" in that, although Sears is obligated to arbitrate all "Covered Claims," these Covered Claims consist only of "claims against the Company" to the exclusion of claims that Sears may initiate against its employees, *Maxwell,* 907 P.2d at 58; *see also Armendariz v. Found. Health Psychcare Servs., Inc.,* 24 Cal.4th 83, 99 Cal.Rptr.2d 745, 6 P.3d 669 (2000); (2) although Sears "reserves the right to modify or terminate [the] DRP upon sixty (60) days notice," it affords no equivalent power to its employees, *see Ingle v. Circuit City Stores, Inc.,* 328 F.3d 1165, 1179 (9th Cir.2003), *cert. denied,* 540 U.S. 1160, 124 S.Ct. 1169, 157 L.Ed.2d 1204 (2004); and (3) the fee provision, which requires employees to pay the lesser of $150 or the filing fee if the claim had been filed in court, does not provide for waiver in cases of indigence, *see id.* at 1177.

(Dkt. 27 at 5–6).

 A federal court sitting in diversity must assess how a state's highest court would resolve the state law issue. *Ticknor v. Choice Hotels Int'l, Inc.,* 265 F.3d 931, 939 (9th Cir.2001). The court must "look to existing state law without predicting potential changes in that law." *Id.* Arizona courts have held that unconscionability can be either procedural or substantive.[1] *Maxwell v. Fidelity Financial Services, Inc.,* 184 Ariz. 82, 907 P.2d 51, 59 (1995).

---

1. The Ninth Circuit restricted its Remand Order to a determination of the unconscionability of certain provisions of the DRP. (Dkt. 27 at 5). Substantive unconscionability involves the actual terms of a contract. *Maxwell v. Fidelity Financial Services, Inc.,* 184 Ariz. 82, 907 P.2d 51, 58 (1995). Procedural unconscionability does not. *Id.* Thus, the Court will only consider substantive unconscionability and its application to the three provisions addressed by the Ninth Circuit.

They have further held that substantive unconscionability alone is sufficient to render a contract unconscionable. *Id.*

Substantive unconscionability requires an examination of the actual terms of the contract and the relative fairness of the obligations assumed by each party. *Id.* "Indicative of substantive unconscionability are contract terms so one-sided as to oppress or unfairly surprise an innocent party, an overall imbalance in the obligations and rights imposed by the bargain, and significant cost-price disparity." *Id.* at 58. The Court will apply this standard to each provision in turn.

### Covered Claims Provision

The DRP obligates Defendant to arbitrate all "Covered Claims." (Dkt. 37, ex. # 3). The Covered Claims consist only of claims that Defendant's employees may have against Defendant. (Dkt. 37, ex. # 3 at 4). Thus, while Defendant's employees are required to arbitrate certain claims that they may have against Defendant, Defendant does not have to arbitrate claims it may have against its employees.

On July 8, 2005, the Court held a hearing pursuant to Ariz.Rev.Stat. § 47–2302. At that hearing, Defendant solicited the testimony of Tammy Lenzy, an attorney that helped draft the DRP. Lenzy testified mostly about the rights that Plaintiff retained under the DRP. Lenzy did not discuss the reasons the DRP had been drafted to only cover claims that employees may have against Defendant.

There is an "overall imbalance in the obligations and rights imposed" by this bargain. *Id.* An agreement to arbitrate presents certain disadvantages. Pursuant to the DRP, Plaintiff would give up his right to a jury trial. Additionally, Plaintiff would loose his right to appeal the arbitrator's decision except in limited circumstances. *See* Ariz.Rev.Stat. § 12–1512. In contrast, Defendant retains all of these

rights for any claims it has against Plaintiff (even claims arising out of the same occurrence). This provision simply gives Defendant an advantage and creates an overall imbalance of rights and obligations. *Maxwell,* 907 P.2d at 58. The Court finds the provision substantively unconscionable.

### Termination and Modification Provision

The DRP allows Defendant to modify or terminate the DRP upon sixty (60) days notice. (Dkt. 37, ex. # 3 at 6). The employees of Defendant do not have that same right. In *United Steelworkers of America v. Warrior & Gulf Nav. Co.,* 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960), it was held that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." At the July 8, 2005 hearing, Lenzy testified that the DRP did not allow an employee to modify the DRP because such a provision would result in inconsistent agreements that would be impossible to implement. She did not explain why the employee would not be able to terminate the agreement.

The DRP's sixty days notice provision is insignificant because it does not allow the employee to negotiate any modification or termination. Defendant has effectively taken away Plaintiff's ability to consider and negotiate the terms of his contract. This is further emphasized by the fact that the DRP was a contract of adhesion in the first place. This provision effectively oppresses Plaintiff and creates an "overall imbalance of rights and obligations imposed by the bargain." *Maxwell,* 907 P.2d at 58. The Court therefore finds that the provision of the DRP permitting Defendant to unilaterally modify or terminate the DRP is substantively unconscionable.

### Fee Provision

The DRP contains a fee provision requiring employees to pay the lesser of

$150 or the filing fee if a claim is filed in court. (Dkt. 37, ex. # 3 at 13). The fee provision does not provide for waiver in cases of indigence. In *Harrington v. Pulte Home Corp.*, 211 Ariz. 241, 119 P.3d 1044 (App.2005), the Arizona Supreme Court considered whether an arbitration agreement was substantively unconscionable because of the potentially applicable fees. They adopted a case-by-case approach in determining whether fees imposed under an arbitration agreement denied a potential litigant the opportunity to vindicate his rights. *Id.* at 1055 (citing *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 92, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000)). The court placed the burden of proving that the fees were prohibitively expensive on the party seeking to invalidate the agreement. *Id.* In the end, the court upheld the arbitration agreement because the plaintiffs who sought to invalidate the agreement failed to demonstrate with specific evidence that the costs and fees were prohibitively expensive. *Id.*

Plaintiff has not set forth specific facts proving that the $150 filing fee was prohibitively expensive. Applying the reasoning of the Arizona Supreme Court in *Harrington*, the fee provision is not substantively unconscionable because Plaintiff has failed to demonstrate with specific evidence that the $150 filing fee is prohibitively expensive. The Court therefore finds this provision is not substantively unconscionable.

*Remedy*

■ The Court has three options in the event it determines that a clause of a contract is unconscionable as a matter of law. *See* Ariz.Rev.Stat. § 47–2302(A). The Court may: (1) refuse to enforce the contract; (2) enforce the remainder of the contract without the unconscionable clause; or (3) limit the application of the unconscionable clause as to avoid any unconscionable result. *Id.* Plaintiff has not argued that he has been negatively affected by the termination and modification provision. With respect to this provision, the Court would exclude it and enforce the remainder of the DRP. However, Plaintiff is bound to arbitrate certain claims, while Defendant is not. The DRP cannot be saved by excluding the provision nor by limiting its application. The Court therefore refuses to enforce the DRP as a whole.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **DENIED.** (Dkt. 7).

**IT IS FURTHER ORDERED** that the Court recuse itself from further proceedings in this case, with the case to be randomly reassigned.