Guy PINTO, Plaintiff,

v.

USAA INSURANCE AGENCY INCORPORATED OF TEXAS (FN), et al., Defendants.

No. CV17–00873–PHX–DGC

United States District Court, D. Arizona.

Signed 07/26/2017

Constance E. Sutton, Law Offices of Constance Sutton PC, Phoenix, AZ, for Plaintiff.

Amy Jo Gittler, Monica Marie Ryden, Jackson Lewis LLP, Phoenix, AZ, for Defendants.

## ORDER

David G. Campbell, United States District Judge.

Defendants have filed a motion to dismiss Plaintiff's third amended complaint ("Complaint") and compel arbitration. Doc. 8. The motion is fully briefed. Docs. 10, 14. No party requests oral argument. The Court will grant the motion.

## I. Background.

In February 2004, Plaintiff Guy Pinto was hired by Defendant United Services Automobile Association ("USAA"), a provider of insurance products, credit cards, financial planning, investments, and banking products. Doc. 1–2 at 32, ¶ 2. In December 2014, USAA terminated Plaintiff's employment. *Id.* At the time of his termination, Plaintiff was a Financial Foundations Relationship Specialist working for USAA's Financial Planning Services Insurance Agency, Inc. Doc. 8 at 2. Plaintiff's Complaint alleges two counts: willful misconduct under A.R.S. § 23–1022(B) (Count One), and "discrimination and/or violations" of the Family Medical Leave Act, 29 U.S.C. § 2615 *et seq.* (Count Two). Doc. 1–2 at 40, ¶¶ 43–77.

USAA asks the Court to compel arbitration of Plaintiff's claims and to dismiss the Complaint in its entirety. *See* Doc. 8. USAA submits evidence that, in August 2004, USAA implemented the Dialogue Dispute Resolution Program ("Dialogue"), which provides, in part that all employment-related disputes between USAA and its employees (with some exceptions not relevant here) that are not resolved through Dialogue must be submitted to binding arbitration using, where applicable, the Employment Dispute Resolution Rules of the American Arbitration Association. *Id.* at 2. Further, USAA asserts that in June 2004, USAA "posted the Dialogue Program materials on its intranet referred to as 'Connect,'" and "[s]ince June 2004, Dialogue Program materials including but not limited to the Dialogue Rules and Dialogue Guide have been available to all USAA employees, including Plaintiff, on Connect." Doc. 14 at 4; Doc. 8 at 3. USAA submits evidence that Plaintiff acknowledged he had received, reviewed, and understood the Dialogue materials and consented to be bound to Dialogue. Doc. 8 at 3–4.

Plaintiff argues that he "never agreed to USAA's Dialogue Program or its arbitration requirement[,]" and "Defendants have produced no signature evidencing Plaintiff's assent[.]" Doc. 10 at 5–6. Plaintiff also contends that "[t]he Dialogue Program is procedurally unconscionable because it is a contract of adhesion, it is not irrevocable, and because it did not specify what the rules and procedures of arbitration would be." *Id.* at 9. Plaintiff further argues that "USAA's actions and inactions demonstrate that if the program even applied to Plaintiff, USAA waived its Dialogue Pro-

gram by avoiding and proceeding in disregard of its Dialogue program." *Id.* at 11.

## II. Legal Standard.

■ The Federal Arbitration Act ("FAA") "provides that arbitration agreements 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Chalk v. T–Mobile USA, Inc.,* 560 F.3d 1087, 1092 (9th Cir. 2009) (quoting 9 U.S.C. § 2). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). "The court's role under the [FAA] is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.,* 207 F.3d 1126, 1130 (9th Cir. 2000). "If the court finds that an arbitration clause is valid and enforceable, the court should stay or dismiss the action to allow the arbitration to proceed." *Kam–Ko Bio–Pharm Trading Co. Ltd–Australasia v. Mayne Pharma,* 560 F.3d 935, 940 (9th Cir. 2009).

## III. Analysis.

Plaintiff does not dispute that Dialogue, if valid, encompasses the dispute at hand. Accordingly, the Court need only decide whether a valid agreement to arbitrate exists. *See Chiron,* 207 F.3d at 1130.

### A. Agreement to Arbitrate.

USAA argues that Plaintiff agreed to arbitrate claims when he agreed to participate in Dialogue. Doc. 8 at 3. Plaintiff argues that he never agreed to Dialogue or its arbitration agreement, and USAA has not produced a document containing his signature. Doc. 10 at 5–8. Plaintiff also argues that the arbitration provision is substantively unconscionable, and that USAA has waived its right to proceed under Dialogue. *Id.* at 9–11.

#### 1. Electronic Signature.

■ Plaintiff argues that "Arizona law requires an electronic signature for a person to assent to a contract via email." Doc. 10 at 6. The Court does not agree. The statute cited by Plaintiff, A.R.S. § 44-7007, confirms that electronic records can be used to create a contract, and, with respect to signatures, provides only that an electronic signature can satisfy any law that requires a signature:

A. A record or signature in electronic form cannot be denied legal effect and enforceability solely because the record or signature is in electronic form.

B. A contract formed by an electronic record cannot be denied legal effect and enforceability solely because an electronic record was used in its formation.

C. An electronic record satisfies any law that requires a record to be in writing or to be retained, or both.

D. An electronic signature satisfies any law that requires a signature.

E. For the purposes of this section, "law" includes a governmental agency's policy.

A.R.S. § 44-7007 (as amended in 2017 Ariz. Legis. Serv. Ch. 11 (S.B. 1084) (March 14, 2017)). Plaintiff identifies no law that requires a signature on an arbitration agreement, and, to the contrary, a party's signature is not necessary to bind him to arbitration if he was aware of the provision and it was in writing. *See O'Bannon v. United Service Automobile Assoc.,* No. 2:15-cv-02231-PHX-SRB at 4 (D. Ariz. June 17, 2016) ("'While the FAA requires writing, it does not require that the writing be signed by the parties.'")

(quoting *Nghiem v. NEC Elec., Inc.*, 25 F.3d 1437, 1439 (9th Cir. 1994)). "Proof that plaintiff had read the agreement and continued working, has been sufficient to establish consent." *Id.*

■ The Court finds that there is sufficient evidence Plaintiff was made aware of Dialogue and the arbitration clause. Plaintiff does not dispute that USAA posted Dialogue materials on Connect beginning in June 2004. *See* Doc. 10. Nor does Plaintiff dispute that on May 31, 2005, Plaintiff "signed" an electronic document with his Employee ID ("67015") and social security number, and agreed to the following:

> I recognize that I am responsible for reading and understanding the Employee Handbook, and fulfilling the expectations outlined within it. I also understand that it is my responsibility to read and comply with all of USAA's policies and procedures, including those on the Corporate Policies Index on Connect and as otherwise made available to me.

Doc. 8–1 at 6. Nor does Plaintiff dispute that on June 15, 2009, he acknowledged that "I have a responsibility to read and comply with all of USAA's policies and procedures that establish expectations for employees, including those in the USAA Policy Handbook on Connect." *Id.* at 8.

Plaintiff argues that his May 2005 and June 2009 acknowledgments did not link Dialogue to the employee handbook, implying that they are insufficient to show that he agreed to be bound by Dialogue's arbitration clause. Doc. 10 at 6. But Plaintiff ignores his clear acknowledgment that it was his responsibility to read and comply with all of USAA's policies posted on Connect. *See* Doc. 8–1 at 6–8. On these uncontested facts alone, the Court would find sufficient evidence that Plaintiff was made aware and of the written arbitration provision.

USAA also provides evidence that, on October 5, 2007, Plaintiff agreed to be bound by Dialogue. *See* Doc. 8 at 3–4; Doc. 8–2 at 8. As an exhibit to the declaration of Mr. Michael Pompa, Senior Business Integration Analyst at USAA and Custodian of Records maintained on USAA's HR website, USAA presents an email sent from Plaintiff's employee ID number which acknowledged:

> I have received the Dialogue Description and Rules for Arbitration and Mediation, the Dialogue explanatory guide, and the USAA Legal Assistance Plan. I understand that I have until October 10, 2007 to review the materials and execute this acknowledgement and agreement. I agree to be bound by the terms and provisions of Dialogue. I understand that any dispute covered by Dialogue that cannot be resolved by mutual agreement, and which involves a legally protected right, must be submitted to final and binding arbitration, instead of to the court system. This includes disputes relating to my employment and any termination of my employment.... I understand that this means that USAA and I are waiving any right we may have to bring a lawsuit in court and to a jury trial concerning any dispute covered by the Program.

Doc. 8–2 at 8. Plaintiff does not deny the authenticity of this email. Instead, he argues that the email is attached to a declaration by Mr. Pompa that "is not made only on Mr. Pompa's personal knowledge as required by Fed. R. Civ. P. 56(c)(4), and no other authority allows a party to rely upon hearsay or other inadmissible evidence in support of a motion." Doc. 10 at 6. Plaintiff's objection is unpersuasive.

■ Mr. Pompa's declaration describes the method by which USAA prepares and maintains its reports. Doc. 8–2 at 2–3. He explains that "[t]he record is created automatically, at or around the time the employee clicks on the 'I agree' button, with-

out any manual intervention," and "[t]he data that is recorded in the USAA HR Web database includes: (a) the employee ID number ... (b) the topic of the. acknowledgement ... and (c) the date and time that the employee clicked the button[.]" *Id.*, at 3, ¶ 7. Plaintiff makes no challenge to these assertions, which show that the records are made and retained in the normal course of business. The Court finds Mr. Pompa's declaration and attachments admissible for purposes of this motion. Fed. R. Ev. 803(6).

The Court finds that Plaintiff was aware of Dialogue and the arbitration provision, and specifically agreed to be bound by them. This is sufficient to make Plaintiff subject the arbitration obligation. *See O'Bannon*, No. 2:15–cv–02231–PHX–SRB at 4.

### 2. Unconscionability.

■ Unconscionability is a generally applicable contract defense that may render an arbitration provision unenforceable under the FAA, *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996), and is determined according to the laws of the state of contract formation, *Chalk*, 560 F.3d at 1092. Under Arizona law, the plaintiff bears the burden of proving the unenforceablity of the arbitration provision, and the determination of unconscionability is made by the Court as a matter of law. *Maxwell v. Fidelity Financial Services, Inc.*, 184 Ariz. 82, 907 P.2d 51, 56 (1995); *Taleb v. AutoNation USA Corp.*, 2006 WL 3716922, at *2 (D. Ariz. Nov. 13, 2006) ("Because a court order compelling arbitration is the functional equivalent of a summary disposition on the issue of the enforceability of the Arbitration Agreement, the burden is properly upon the plaintiff to produce specific facts showing that ... a triable issue exists."). The Court concludes as a matter of law that Plaintiff has not met the "high bar" necessary to

demonstrate unconscionability. *Longnecker v. American Express Co.*, 23 F.Supp.3d 1099, 1108 (D. Ariz. 2014).

#### a. Procedural Unconscionability.

■ Procedural unconscionability arises from unfairness in the bargaining process. It "is concerned with 'unfair surprise,' fine print clauses, mistakes or ignorance of important facts or other things that mean bargaining did not proceed as it should." *Maxwell*, 907 P.2d at 57–58.

■ Plaintiff argues that the arbitration agreement is procedurally unconscionable because it is a contract of adhesion. Doc. 10 at 9. Even if it is, a contract of adhesion is not automatically unconscionable under Arizona law. *See Longnecker*, 23 F.Supp.3d at 1109 ("But even if the arbitration agreements were contracts of adhesion that would not mean that they are procedurally unconscionable. Contracts of adhesion are not *per se* unenforceable."); *Perry v. NorthCentral University, Inc.*, 2011 WL 4356499, at *5 (D. Ariz. Sept. 19, 2011) (same); *R & L Limited Investments, Inc. v. Cabot Investment Properties, LLC*, 729 F.Supp.2d 1110, 1115 (D. Ariz. 2010) ("it does not appear that there is any Arizona law supporting the assertion that a finding of adhesion equates to a finding of procedural unconscionability"). Indeed, Arizona law recognizes that a contract of adhesion is valid and enforceable unless it is otherwise unconscionable or beyond the range of reasonable expectations. *Broemmer v. Abortion Services of Phoenix*, 173 Ariz. 148, 840 P.2d 1013, 1016 (1992); *see also, AT & T Mobility LLC v. Concepcion*, 563 U.S. 333, 346–47, 131 S.Ct. 1740, 179 L.Ed.2d 742 (2011) (Supreme Court rejected the idea that arbitration agreements are *per se* unconscionable when found in adhesion contracts.). Judges of this Court have twice found that the USAA arbitration agreement at issue here is not proce-

durally unconscionable. *See O'Bannon*, CV–15–02231–PHX–SRB at \*1 ("[T]he arbitration agreement in the Dialogue program is not a procedurally unconscionable contract of adhesion."); *Russ v. United Servs. Auto. Ass'n*, No. CV-16-02787-PHX-PGR, 2017 WL 1953458, at \*1–2 (D. Ariz. May 11, 2017) (same). The undersigned judge agrees.

### b. Substantive Unconscionability.

■■■■ Substantive unconscionability is concerned with the fairness of the contract terms. *Maxwell*, 907 P.2d at 58. "Indicative of substantive unconscionability are contract terms so one-sided as to oppress or unfairly surprise an innocent party, an overall imbalance in the obligations and rights imposed by the bargain, and significant cost-price disparity." *Id.* at 59.

Plaintiff argues that the arbitration agreement is substantively unconscionable because "USAA reserves the right to amend the Dialogue Program on thirty days' notice to current employees" and "affords no equivalent power to its employees." Doc. 10 at 9–10. This argument relies on the Ninth Circuit's holding in *Ingle v. Circuit City Stores*, 328 F.3d 1165, 1179 (9th Cir. 2003). Doc. 10 at 9. *Ingle* held that a 30–day "notice is trivial when there is no meaningful opportunity to negotiate the terms of the agreement." 328 F.3d at 1179. But the Ninth Circuit's decision was premised on California contract law. *Id.* Courts applying Arizona law have reached conflicting conclusions on whether an employer's right to modify an arbitration agreement is substantively unconscionable. *Compare Batory v. Sears, Roebuck & Co.*, 456 F.Supp.2d 1137, 1140 (D. Ariz. 2006) (finding a non-mutual modification/termination provision substantively unconscionable), *with Equal Employment Opportunity Comm'n v. Cheesecake Factory, Inc.*, No. 08-cv-1207-PHX-NVW, 2009 WL 1259359, at \*3 (D. Ariz. May 6, 2009) ("Under Arizona law, however, when an employer changes the terms of at-will employment, it essentially makes a new offer of employment, and the employee may accept the new offer by performance, thus forming a new unilateral contract").

■■■■ The more recent decisions, and those the Court finds most persuasive, hold that the "amendment and termination provisions such as those found in the Dialogue Program are not substantively unconscionable under Arizona law when, as with the plaintiff's employment here, employment is on an at-will basis." *Russ*, 2017 WL 1953458, at \*4 (citing *O'Bannon*, No. 2:15–cv–02231–PHX–SRB (concluding that the modification provisions in USAA's Dialogue program were not substantively unconscionable because Arizona law views changes in the terms of an at-will employment relationship to be a new offer that an employee may accept by performance or reject by leaving the job)); *see also Cheesecake Factory*, 2009 WL 1259359, at \*4–5. Because Plaintiff's employment was at-will, the modification provision was not substantively unconscionable.

Plaintiff also argues that the arbitration agreement is substantively unconscionable because "USAA is not obligated to arbitrate all 'Disputes' and the list of covered 'Disputes' consist only of 'claims against the Company' and between employees to the exclusion of claims that USAA may initiate against its employees[.]" Doc. 10 at 10. Plaintiff provides no explanation or support for this argument. The Court finds nothing to indicate that Dialogue is "so one-sided as to oppress or unfairly surprise [Plaintiff];" or that it creates "an overall imbalance in the obligations and rights imposed by the bargain, and significant cost-price disparity." *See Maxwell*, 907 P.2d at 59.

### B. Waiver.

■■■■ The FAA recognizes that a party can waive its right to insist on arbitration

**1172**

if it fails to properly invoke that right. 9 U.S.C. §§ 3, 4. The Ninth Circuit has stated that a federal court presented with a motion to compel arbitration may consider whether the moving party waived its right to arbitrate. *Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th Cir. 2016). A party waives the right to insist on arbitration, for example, by refusing a request to arbitrate a claim or by actively litigating the claim. *See id.* at 1124–28.

The Ninth Circuit recently explained the standard for determining whether waiver-by-conduct has occurred:

> The right to arbitration, like other contractual rights, can be waived. A determination of whether the right to compel arbitration has been waived must be conducted in light of the strong federal policy favoring enforcement of arbitration agreements. Because waiver of the right to arbitration is disfavored, any party arguing waiver of arbitration bears a heavy burden of proof. As such, a party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts.

*Id.* at 1124 (internal citations and quotation marks omitted).

Plaintiff argues that USAA waived its right to enforce the arbitration provision by: engag[ing] in a continuous and consistent pattern[ ] of conduct that demonstrated USAA avoided and proceeded in disregard of its Dialogue Program with respect to Plaintiff, such as refusing to take necessary actions to reasonably accommodate his known disabilities on a continuous basis and refusing to investigate Plaintiff's Complaint made to HR about sexual harassment and a hostile work environment or refer his Complaint to Dialogue.

Doc. 10 at 11.

Plaintiff fails to show waiver. Plaintiff's only citation to the record is to his own declaration, which alleges that he was not informed of Dialogue in 2013 when he lodged a sexual harassment complaint against a co-worker. Doc. 10-1, ¶¶ 17–18. Even if this is true, the Court does not find such inaction inconsistent with arbitration of this dispute. Plaintiff also alleges that he asked about dispute resolution after his termination in December 2014, but was told by the HR department that it was not available. *Id.*, ¶¶ 21–22. The Court does not view this single incident as sufficient to show USAA's knowing waiver of its arbitration rights, and Plaintiff makes no attempt to show prejudice from this action. *Martin*, 829 F.3d at 1124. Moreover, Plaintiff makes no assertion that USAA refused a proper request to arbitrate, *cf. Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1012 (9th Cir. 2005), or otherwise consented to litigate this dispute, *cf. Martin*, 829 F.3d at 1125–26. Nor did USAA unreasonably delay in seeking to compel arbitration; its motion was filed less than one month after the action was removed to this Court. In short, Plaintiff has not carried his "heavy burden" of showing waiver. *Martin*, 829 F.3d at 1124.

**C. Conclusion.**

Plaintiff has failed to show the arbitration agreement invalid or unconscionable, or that it was waived by USAA. Accordingly, arbitration must be compelled under to the FAA. 9 U.S.C. § 4. The Court will grant USAA's motion to dismiss this action.

**IT IS ORDERED:**

1. USAA's Motion to Dismiss and Compel Arbitration (Doc. 8) is **granted.**

2. The Rule 16 Case Management Conference set for July 27, 2017 at 4:30 p.m. is **vacated.**

3. The Clerk of the Court is directed to terminate this action. Dated this 26th day of July, 2017.